IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENNETH T. NIXON, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> V.A. HOSPITAL, NASHVILLE, ) <br> NASHVILLE VETERAN HEALTHCARE, ) <br> NASHVILLE HEALTHCARE VA CENTER, ) <br> ) <br> Defendants. ) | CONSOLIDATED ACTION <br> LEAD ACTION No. 3:11-cv-00766 <br> RELATED ACTION No. 3:11-cv-00828 <br> Judge Haynes |

## MEMORANDUM

Plaintiff, Kenneth T. Nixon, filed this pro se action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), against the Defendants, the United States Government; the V.A. Hospital, Nashville; Nashville Veteran Healthcare; and Nashville Healthcare VA Center, for negligence in misdiagnosing Plaintiff's medical illness fifteen years prior to this action.[1]

Before the Court is the Defendants' motion to dismiss (Docket Entry No. 20), contending, in sum, that Plaintiff's failure to file a certificate of good faith for medical malpractice claims as required by Tenn. Code Ann. § 29-26-122 bars this action and that Plaintiff's claims are also barred by Tennessee's three-year statute of repose for medical malpractice actions. Plaintiff has

---

[1] This action was consolidated with Nixon v. Nashville Veteran Healthcare, et al., 3:11-cv-00828. (Docket Entry No. 5).

1

not filed a response to this motion.

For the reasons set forth below, the Court concludes that the Defendants' motion to dismiss should be granted for Plaintiff's failure to file a certificate of good faith as required by Tennessee law for medical malpractice actions. The court also concludes that Plaintiff's claims are also barred by Tennessee's medical malpractice statute of repose.

## I. ANALYSIS OF THE COMPLAINT

Plaintiff alleges that after a 51 day stay at Vanderbilt Hospital, he was informed that he had been misdiagnosed with Crohn's disease fifteen years earlier. (Docket Entry No. 1, Complaint at 2). Plaintiff does not state where or who made the original misdiagnosis. Plaintiff appears to contend that the alleged misdiagnosis caused Plaintiff to suffer stomach problems and difficulties in obtaining employment and to pay for unnecessary medical treatment. Plaintiff alleges, in part, "I have not received fee basic[.] To get another Gastro-Dr. I now have been declared unemployable to seek employment[.] Aug-5-2011 Had (appt) was unable Due to stomach problem - @ diarrhea - which has Increased - stomach pain increased." Id.

## II. CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a claim for lack of subject matter jurisdiction that may consist of either a "facial attack" or a "factual attack". O'Bryan v. Holy See, 556 F.3d 361, 375 (6th Cir. 2009). In O'Bryan the Sixth Circuit states that:

> "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." And, "[w]hen reviewing a facial attack, a district court takes the allegations in the complaint as true. . . .. If those allegations establish federal claims, jurisdiction exists." However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

Id. at 375-76 (citations omitted). For a facial attack, the court accepts the material allegations of the complaint as true and construes the facts in a light most favorable to the non-moving party. "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). For a factual attack, "no presumptive truthfulness applies to the factual allegations, and the Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. (citation omitted). "[A] trial court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990).

Plaintiff bears the burden of proof that jurisdiction exists to consider his claims. RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996). Because Defendant's 12(b)(1) motion involves a facial attack rather than a factual attack, "the applicable standard is the same one applied in a Rule 12(b)(6) context." Tennessee Protection and Advocacy, Inc. v. Bd. of Educ. of Putnam County, Tenn., 24 F. Supp.2d 808, 813 (M.D. Tenn. 1998).

Upon a motion to dismiss under Rule 12(b)(6), "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). The Court "'need not

3

accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. at 903 (citations and quotation marks omitted).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286, (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).
>
> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose

4

to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 677-79.

As the Sixth Circuit stated, "[a] motion under rule 12(b)(6) is directed solely to a complaint itself . . . [.]" Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971). Yet, in evaluating a plaintiff's complaint, under Fed. R. Civ. P. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim. Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

While pro se complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se complaints must also satisfy the "facial implausibility" standard articulated in Twombly and Iqbal. Stanley v. Vining, 602 F.3d 767, 771 (6th Cir. 2010).

Under the FTCA, an injured person can file an action against the United States for the negligent acts or omissions of a government employee acting within the scope of his or her official duties. 28 U.S.C. §§ 2674, 2679(b)(1). See also Ward v. United States, 838 F.2d 182, 184 (6th Cir. 1988); Hinson v. NASA, 14 F.3d 1143, 1147 (6th Cir. 1994). The FTCA provides that:

> civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the

claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA also provides that the United States "shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; Young v. United States, 71 F.3d 1238, 1244 (6th Cir. 1995). Because the FTCA "is a limited waiver of immunity, the extent of that waiver (i.e. the United States' amenability to suit and substantive tort liability) is determined by analogizing the United States to a private actor in a similar situation under the appropriate state law." Id.; Myers v. United States, 17 F.3d 890, 899 (6th Cir. 1994) ("The FTCA does not *create* liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a 'private individual in similar circumstances.'") (citing 28 U.S.C. § 2674) (emphasis in original).

The FTCA applies the substantive state law where the alleged tort occurred. Ward, 838 F.2d at 184. "Because medical malpractice is a category of negligence, the distinction between medical malpractice and negligence claims is subtle; there is no rigid analytical line separating the two causes of action." Estate of French v. Stratford House, 333 S.W.3d 546, 555 (Tenn. 2011). The Tennessee Supreme Court has held that "when a claim alleges negligent conduct which constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable." Gunter v. Laboratory Corp. of America, 121 S.W.3d 636, 641 (Tenn 2003); French, 333 S.W.3d at 556 ("'medical malpractice cases typically involve a medical diagnosis, treatment, or other scientific matters.'") (citations omitted). The Tennessee Medial Malpractice Act ("TMMA") applies only to:

those alleged acts that bear a substantial relationship to the rendition of medical treatment by a medical professional, or concern medical art or science, training, or expertise. If there are additional acts or omissions alleged that do not bear a substantial relationship to medical treatment, require no specialized skills, or could be assessed by the trier of fact based upon ordinary everyday experiences, then the claims may be made under ordinary negligence theory.

Id. at 557.

Given Plaintiff's allegations about his medical misdiagnosis as a patient at the Nashville VA Hospital, the Court concludes that the TMMA is applicable to Plaintiff's claims.

Defendant asserts that Plaintiff failed to comply with the good faith requirement under Tenn. Code Ann. § 29-26-122 that provides in relevant part:

> (a) In any healthcare liability action in which expert testimony is require by §29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of a provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:
>
> (1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
>> (A) Are competent under § 29-26-115 to express an opinion or opinions in a case; and
>>
>> (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or
>
> (2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
>
>> (A) Are competent under § 29-26-115 to express and opinion or opinions in this case; and

7

> (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.
>
> . . . .
>
> (c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. . . .

Tenn. Code Ann. § 29-26-122(a), (c).

Here, Plaintiff failed to file a certificate of good faith as required by Tenn Code. Ann. §29-26-122. Based on this omission, the Court concludes that Plaintiff's medical malpractice claim must be dismissed.

Moreover, for medical malpractice claims, Tennessee law provides a three year statute of repose that "sets an absolute limit on the time in which a plaintiff may bring a medical malpractice action." Mills v. Wong, 155 S.W.3d 916, 920 (Tenn. 2005); Tenn. Code Ann. § 29-26-116(a)(3). In Mills, the Tennessee Supreme Court stated:

> *In no event shall any* such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant[,] in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

Id. (citing Tenn. Code Ann. § 29–26–116(a)(3)) (emphasis in original).

The Tennessee Supreme Court explained that "the emphasized language expresses a

8

legislative intent to place an absolute three-year bar beyond which no medical malpractice right of action may survive." Id.; Calaway ex rel. Calaway v. Schucker, 193 S.W.3d 509, 516 (Tenn. 2005) ("The statute of repose itself—by its words '[i]n no event shall any such action be brought more than three years after the date on which the negligent act or omission occurred'—expresses a clear intent by the Legislature to absolutely limit to three years the time within which malpractice actions can be brought."). Thus, "[t]he running of the statute of repose . . . has a substantive effect." Id.

Recently, in Huddleston v. United States, No. 11-5873, 2012 WL 1816261 (6th Cir. May 21, 2012), the Sixth Circuit applied the TMMA's statute of repose as a state substantive law, barring a plaintiff's claim under the FTCA. In Huddleston, the Murfreesboro, Tennessee VA Hospital committed medical malpractice in conducting the plaintiff's colonoscopy in October 2006. Id. at *1. The VA informed the plaintiff of the error in February 2009, and he tested positive for Hepatitis B that same month. Id. The plaintiff filed his administrative claim in December 2009, and after denial of his claim he filed his complaint in March 2011. Id. Concluding that the plaintiff's claim was barred by the three year statute of repose, the Sixth Circuit stated:

> The statute of repose is a substantive requirement, not just a procedural hurdle. Unlike a statute of limitations, which eliminates the remedy available to plaintiffs, Tennessee's statute of repose establishes the cause of action itself . . ..
>
> . . . .
>
> Huddleston underwent the colonoscopy in 2006 and filed his complaint in 2010 without claiming fraudulent concealment. Consequently, at the time of his complaint, Tennessee law recognized no cause of action for alleged medical negligence regarding his medical treatment in 2006. The limitation period of § 2401(b) is of no moment because the applicable state law provides no cause of action.

9

> We need not decide whether Huddleston could bring suit if he had filed his administrative claim with the VA within three years because Huddleston did not, in fact, file his claim with the VA until December 2009, two months after the statute of repose extinguished his claim.

Id. at *2.[2] (citations omitted).

Here, Plaintiff alleges that he was misdiagnosed fifteen years prior without alleging any fraudulent concealment. Thus, the three-year statute of repose extinguished his claim years ago. Accordingly, for these reasons, the Court concludes that Defendant's motion to dismiss (Docket Entry No. 20) should be granted. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3)

An appropriate Order is filed herewith.

**ENTERED** this the 30 day of July, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge

---

[2]For tort claims, 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Id.

10

Case 3:11-cv-00766   Document 22   Filed 07/30/12   Page 10 of 11 PageID #: 68

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH T. NIXON.  )
                   )
    Plaintiff,     )
                   )
v.                 )  No. 3:11-cv-00766
                   )  JUDGE HAYNES
                   )
UNITED STATES OF AMERICA,          )
V.A. HOSPITAL, NASHVILLE,          )
NASHVILLE VETERAN HEALTHCARE,      )
NASHVILLE HEALTHCARE VA CENTER,    )
                                   )
    Defendants.    )

## O R D E R

In accordance with the Memorandum filed herewith, the Defendants' motion to dismiss (Docket Entry No. 20), is **GRANTED**. This action is **DISMISSED with prejudice**.

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 30th day of July, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge